UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
Destiny Rolon,

|                        |                    |
| Plaintiff,             | Complaint          |

   -against-                                    CIVIL ACTION

City of New York; P.O. Ryan Ragoobir, Shield #2286;
PO Jane Doe 1-10; PO John Doe 1-10; Sgt. John Doe 11;
Captain John Doe 12,                                     Jury Demand

                     Defendants.
_____X

      **NOW COMES** the Plaintiff, **Destiny Rolon**, by and through her attorney, **D. Andrew Marshall, Esq.** for her Complaint against the Defendants, respectfully shows to the Court and allege:

## Preliminary Statement

1.  This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violations of her rights, privileges, and immunities secured by Title 42 of the United States Code §1983, the  Fourth, and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York, as well as the Charter, rules, regulations, and ordinances of the City of New York.

2.   Plaintiff also asserts supplemental state law tort claims.

3.  Plaintiff seeks compensatory damages, punitive damages and attorney's fees for violations and deprivations of her civil and constitutional rights, privileges and immunities by the Defendants, their agents, servants and employees while acting under color of law in the course and scope of their employment and service as New York police officers.

1

4.    Alternatively, if, the individual Defendant Police Officers were not acting under color of state law in the course and scope of their employment, agency, and service, they were negligently acting beyond the scope of their duty as police officers.

5.    Plaintiff was stopped, and seized and thereafter subjected to excessive force and an invasive body cavity search in violation of her constitutional rights, privileges and immunities against unreasonable searches and seizures by the Defendants, members of the New York  Police Department, (hereinafter "NYPD").

6.    The Defendant City of New York, hereinafter, "**Defendant City of New York,**" operating through and in conjunction with  NYPD, 44th Precinct,  has implemented and continues to conduct, enforce and sanction a dubious arrest policy which has results in a pattern and practice of disparate illegal stops, seizures, questioning, searches, unreasonable use of force, unreasonable invasive searches, false arrests and malicious prosecution of its citizens.

7.    Under the arrest practices, NYPD officers, including without limitation Ryan Ragoobir, Shield #2286, hereinafter "**Defendant Ragoobir,**" indiscriminately violate citizens' rights, privileges and immunities, *inter alia*, against unreasonable stops, searches and seizures.

8.    Under the arrest practices, NYPD officers are incentivized by the prospect of overtime pay and other financial and non-financial rewards.

9.    Under the arrest practices, the precincts can pad their crime statistics and justify larger budgets and other incentives.

2

10.     Defendant City of New York and NYPD also discriminatorily acquiesce in, ratify, and fail to monitor or rectify NYPD officers' widespread unlawful practices.

11.     As a result, low and moderate-income persons of color, like Plaintiff Rolon are targeted and deprived of their rights, privileges, and immunities.

12.     The decision to enforce the patrol policy and arrest practices in this disproportionate way is not explained or justified by underlying crime levels.

13.     The mandate of the NYPD is to safeguard community members from crime by providing security and otherwise delivering police services.

14.     Plaintiff Rolon and those similarly situated are not protected and served on the same terms as other community members, rather they are subject to, without limitation, unfounded stops, seizures, interrogations, searches and arrests, excessive force, and retaliation.

15.     As a result of the Defendants' acts and omissions, Plaintiff Rolon suffered damages, including without limitation, deprivation of her rights, privileges, and immunities, as well as physical, emotional, mental, and psychological injuries and damages.

16.     The Defendants herein are collectively and individually responsible for the deprivation of rights, privileges and immunities and other damages visited upon Plaintiff Rolon.

## Jurisdiction

17.     Jurisdiction is founded upon the existence of a Federal Question.

18.     Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), which confers

jurisdiction in actions authorized by 42 U.S.C. § 1983 against Defendants acting

under color of state law, statute, ordinance, regulation, custom or usage.

19.     The amount in controversy exceeds, exclusive of interest and costs, the sum or

value of seventy-five thousand dollars ($75,000.00).

## Venue

20.     Venue is proper for the United States District Court for the Southern District of

New York under 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this

district.

## Jury Demand

21.     Plaintiff demands a trial by jury in this action.

## Notice of Claim

22.     Within ninety days after the claim arose, Plaintiff filed a Notice of Claim upon

Defendant City of New York by delivering copies of the notice to the person

designated by law as a person to whom such claims may be served.

23.     The Notice of Claim was in writing, sworn to by Plaintiff and contained the

name and address of the Plaintiff Rolon.

24.     The Notice of Claim sets out the nature of the claim, the time when and the

place where and how the claim arose, and the damages and injuries claimed to

have been sustained by Plaintiff Rolon.

25.     The City of New York failed to adjust the claims within the statutory period.

26.     The City of New York conducted a General Municipal Law 50-h hearing.

4

Parties:

27.     Plaintiff Destiny Rolon, hereinafter "**Plaintiff Rolon,**" is a citizen of the State of New York within the jurisdiction of this court.

28.     On July 5, 2019, at all times relevant and material to this case **Defendant City of New York** was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and under the laws of the City and State of New York.

29.     **Defendant City of New York** is authorized under the laws of the State of New York to maintain, operate, and govern the NYPD, its precincts, and personnel, all of whom act as Defendant City of New York 's agent and for which Defendant City of New York is ultimately responsible.

30.      On July 5, 2019, at all times relevant and material to this case the Defendant City of New York, its departments, agents, servants, and employees were charged with, including without limitation, hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting it officers, supervisors, and staff in their employ, including but not limited to the individual Defendant Police Officers herein.

31.      On July 5, 2019, at all times relevant and material to this case **Defendant Ragoobir,** NYPD, was employed by Defendant City of New York and NYPD, 44th Precinct, 2 E 169th St, Bronx, NY 10452, County of the Bronx  and State of New York as a police officer. He is sued in her individual and official capacities.

32.     On July 5, 2019, at all times relevant and material to this case Defendant PO Jane Doe 1-10,  hereinafter "**Defendant PO Jane Doe 1-10**,"  were employed

by Defendant City of New York and NYPD, 44th Precinct, 2 E 169th St, Bronx, NY 10452, County of the Bronx  and State of New York as police officers. They are sued in their individual and official capacities.

33.    On July 5, 2019, at all times relevant and material to this case PO John Doe 1-10, hereinafter "**Defendant PO John Doe 1-10**," were employed by Defendant City of New York and NYPD employed by Defendant City of New York and NYPD, 44th Precinct, 2 E 169th St, Bronx, NY 10452, County of the Bronx  and State of New York as police officers. They are sued in their individual and official capacities.

34.    On July 5, 2019, at all times relevant and material to this case Defendant Sgt. John Doe 11, hereinafter "**Defendant Sgt. Doe 11,"** was employed by Defendant City of New York and NYPD, 44th Precinct, 2 E 169th St, Bronx, NY 10452, County of the Bronx  and State of New York as a police officer. They are sued in their individual and official capacities.

35.    On July 5, 2019, at all times relevant and material to this case Defendant Captain John Doe 12, hereinafter, "**Defendant Captain John Doe 12**" was employed by Defendant City of New York and NYPD, 44th Precinct, 2 E 169th St, Bronx, NY 10452, County of the Bronx  and State of New York as a police officer. They are sued in their individual and official capacities.

36.    Upon information and belief, Defendant City of New York and NYPD remain the public employer of the named defendant police officers.

37.    As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

6

38.    Defendants **PO Jane Doe 1-10, John Doe 1-10, Sgt. Doe 11, and Defendant Captain John Doe 12** were employed by Defendant City of New York as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

39.    At all relevant times, the individual Defendant Police Officers were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## Statement of Facts

40.    This action arose out of a continuous incident that began on July 5, 2019, at around 2:30 a.m. starting in the vicinity of 1240 Walton Ave., County of Bronx, City, and State of New York, hereinafter, "the subject premises."

41.    On July 4, 2019, Plaintiff Rolon along with family and friends had a Fourth of July cook-out and birthday celebration in front of the subject premises.

42.    Other groups  unassociated with Plaintiff Rolon and her family were also having Fourth of July cookouts along Walton Avenue between East 168th and 167th Streets.

43.    Throughout the duration of the day, police officers cruised the said neighborhood without incident or police action.

44.    On July 5, 3019 at around 2:00 a.m. the festivities had ended.

45.    On July 5, 2019 Plaintiff Rolon along with family members began cleaning, sweeping, bagging trash, packing food, and folding tables from in front of the subject premises to place  into their respective homes and vehicles.

7

46.   As Plaintiff Rolon and her family were organizing to leave, a marked police vehicle appeared with two to three officers.

47.   Plaintiff Rolon remained in her place about 25-30 feet away from her family group.

48.   The said police stopped, exited their vehicle, and ordered Plaintiff Rolon's family immediately off of the street.

49.   There was no criminality afoot, no music playing, or other activities other than persons cleaning and packing.

50.   The Defendant police officers did not afford Plaintiff Rolon's family the option or courtesy of a reasonable time to retrieve all of their belongings.

51.   A family member pleaded with the Defendant police officers to permit this compliant and cooperative family to continue cleaning and packing rather than be forced to abandon their personal property in the street.

52.   The said police officers refused.

53.   Within moments of the arrival of the first abovementioned marked police vehicle, multiple police cars, vans and trucks entered into Walton Avenue from both East 167th Street and 168th Street.

54.   Plaintiff Rolon and her family were boxed in by the Defendant Police Officers.

55.   Multiple officers existed the said vehicles, some dressed in riot gear and at least two were dressed in white shirts.

56.   The said officers aggressively descended upon Plaintiff Rolon's family in synchronize cadence locked arm-in-arm.

8

57.  The said officers also aggressively descended upon the other persons present on Walton Avenue between East 167th and 168th Streets.

58.  The Defendant Officers acted with overwhelming speed, excessive force, extreme prejudice, and the specific intent of arresting all persons present, including without limitation Plaintiff Rolon.

59.   While Plaintiff Rolon was attempting to vacate the area, she observed her minor brother being violently seized by the Defendant Police Officers.

60.  Plaintiff Rolon alerted her mother who was then and there present as to her minor brother's seizure.

61.  Plaintiff Rolon and her mother  both attempted to alert the police that the said seized individual was in fact a minor.

62.  As Plaintiff Rolon was walking towards one group of officers, the Defendant Officers ambushed her and seized her with excessive force.

63.  The Defendant Police Officers grabbed Plaintiff Rolon from behind, threw her face-first onto a parked vehicle and to the ground.

64.  Plaintiff Rolon did not resist arrest.

65.  The seizure caused Plaintiff Rolon to sustain physical injuries.

66.  Plaintiff Rolon required medical attention.

67.  The Defendant Police Officers denied Plaintiff Rolon medical attention at the scene of her seizure.

68.  Plaintiff Rolon was thereafter rear-cuffed and placed into a patrol vehicle and taken to the 44th Precinct.

69.  When Plaintiff Rolon arrived at the 44th Precinct, she observed, among other persons, her mother, he minor brother, and 20+ others from the scene of her seizure, all lined up before the desk sergeant awaiting arrest processing.

70.  Plaintiff Rolon then and there asked for medical attention but was ignored.

71.  Defendant PO Jane Doe 1-10 removed Plaintiff Rolon from the said line and escorted her to a bathroom.

72.   Defendant PO Jane Doe 1-10  subjected Plaintiff Rolon  to a body cavity search that included digital penetration of Plaintiff Rolon's vagina and fondling of her breast.

73.   The search did not result in the recovery of contraband.

74.  Plaintiff Rolon was escorted out of the said bathroom and returned to the aforementioned line.

75.  Defendant Ragoobir issued Plaintiff Rolon Desk Appearance Tickets and released her after approximately 2 hours of detention.

76.  Plaintiff Rolon's mother, who was then and there present, called an ambulance for Plaintiff Rolon who was noticeably injured.

77.  Plaintiff Rolon was transported from the 44th Precinct  to Montefiore Hospital by ambulance.

78.  Plaintiff Rolon was treated for injuries, prescribed Motrin and Flexeril and discharged from Montefiore Hospital.

79.  Plaintiff Rolon was also treated in follow-up visits for mental health and physical health at Montefiore Hospital.

10

80.   The charges were dismissed against Plaintiff Rolon prior to Plaintiff Colon making a court appearance at the Criminal Court of the City of New York, Bronx County.

81.   At all times herein, the individual Defendants lacked probable cause to exercise the level of force against Plaintiff Rolon.

82.   At all times herein, the individual Defendants lacked probable cause to engage in the invasive search of Plaintiff Rolon's person.

83.   The conduct of the individual Defendants proximately caused physical, emotional and financial injury to Plaintiff Rolon, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment trauma, debasement and deprivation of her constitutional rights.

84.   At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously,  and with reckless disregard for and deliberate indifference to the Plaintiff's rights and physical and mental well-being.

85.   The Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff Rolon of her rights, privileges, and immunities.

86.   Alternatively, the Defendants acted with deliberate indifference to the constitutional rights of Plaintiff Rolon.

87.    The actions of the individual Defendants, as set forth herein, were, in part, the result of the Defendant City of New York and the NYPD's failure to professionally train, supervise and discipline its officers.

88.   The  Defendant  City of New York and the NYPD's failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant City of New York and the NYPD.

11

89.   The  Defendant  City of New York and the NYPD's practices and policies are in part responsible for the unconstitutional, wrongful, deliberate, malicious, and intentional actions of the individual Defendants.

90.   At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's rights, privileges, and immunities.

91.   At all relevant times herein, Defendant City of New York's policies, practices, and/or customs caused the violation of Plaintiff's rights, privileges, and immunities. .

92.   The constitutional abuses and violations by Defendant City of New York, through the actions of its NYPD  and all other named Defendant police officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, instead, acts of misconduct were tolerated by Defendant City of New York.

93.   Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice, and/or custom of using excessive force against its citizens.

94.   As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff Rolon's constitutional rights have been violated which has

12

caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## Plaintiff Rolon's Injuries and Damages

95.   As a direct and proximate consequence of the Defendants' conduct:

    a.  Plaintiff Rolon  was deprived of her  rights, liberties, immunities, and privileges in violation of her federal and state constitutional rights;

    b.  Plaintiff Rolon sustained serious physical injuries, endured pain and suffering, mental anguish, psychological impairment, and;

    c.  Plaintiff Rolon incurred other items of attendant damages.

## First Cause of Action:
## Civil Rights Action 42 USC §1983
## Fifth and Fourteenth Amendments By Plaintiff Rolon
## Against All Defendants

Plaintiff Rolon  hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

96.   The acts of the individual Defendants were affected under the color of state law.

97.  The police actions taken against Plaintiff by the Defendants were undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, deprive Plaintiff of her liberty in violation of her Constitutional rights as guaranteed by the Fifth,  and Fourteenth Amendments of the United States Constitution.

98. Through these actions, Defendants are liable for the violation of 42 U.S.C. §
1983 which prohibits the deprivation under color of state law of rights secured
under the United States Constitution.

99. Plaintiff Rolon is fearful and apprehensive that she will, again, be subject to
similar unlawful acts by Defendants.

100. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff
suffered and will continue to suffer, damages including, physical, mental, and
emotional injury and pain, mental anguish, suffering, humiliation, and
embarrassment.

101. As a result of the foregoing, Plaintiff Rolon is entitled to actual, general, special,
compensatory, and punitive damages against the Defendants, and attorney's
fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988

Second  Cause of Action:
Civil Rights Action 42 USC §1983
Fourth and Fourteenth Amendments By Plaintiff Rolon
<u>Against All Defendants</u>

Plaintiff Rolon  hereby repeats, reiterates, and re-alleges each allegation
contained in the proceeding paragraphs with the same force and effect set forth
herein, further allege:

102. By their conduct, as described herein, and acting under the color of state law to
deprive the Plaintiff Rolon of her rights to be free from excessive force and
unlawful invasive searches  in the course of an arrest as required by the Fourth
and Fourteenth Amendments, the individual Defendants are liable for violation

14

of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

103.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

104.   The Defendant Police Officers, by reasonable diligence, could have prevented the said wrongful acts and omissions from being committed.

105.    The Defendant Police Officers, by reasonable diligence, could have mitigated Plaintiff Rolon's damages had they exercised their duty to intervene in the face of police misconduct.

106.   The Defendant Police Officers' conduct violated 42 U.S.C. §1983.

107.   As a result of the foregoing, Plaintiff Rolon is entitled to actual, general, special, compensatory, and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

### Third Cause of Action:
### Civil Rights Action 42 USC §1983
### <u>Failure to Intervene</u>

Plaintiff Rolon  hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

108.   At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Sgt. Doe 11, Defendant Captain Doe 12, and Defendant City of New York.

15

109. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had a reasonable opportunity to prevent such conduct, had a duty to intervene, mitigate or stop the events alleged herein.

110. Those individual Defendant Police Officers that were present but did not actively participate in the unlawful conduct, failed to intervene, mitigate, or stop the events alleged herein.

111. Those individual Defendant Police Officers that were present but did not actively participate in the unlawful conduct, failed to, *inter alia*, report the unlawful conduct alleged herein to supervisors.

112. Those individual supervising, including Defendant Sgt. Doe 11, Defendant Captain Doe 12, who were present but did not actively participate in the aforementioned unlawful conduct, failed to investigate, sanction, or discipline any participant.

113. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

114. As a result of the foregoing, Plaintiff Rolon is entitled to actual, general, special, compensatory, and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Fourth Cause of Action:
### Malicious Abuse of Process

Plaintiff Rolon**,** hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth

16

herein, further allege:

115.   Defendant Ragoobir initiated a legal process against Plaintiff Rolon.

116.   Defendant Ragoobir arrested Plaintiff to obtain collateral objectives outside the legitimate ends of the legal process, including without limitation, to help cover up the use of excessive force, to obtain financial compensation, to obtain more arrests, to obtain more indictments, to obtain more convictions, and to obtain good-will within the NYPD hierarchy.

117.   Defendant Ragoobir acted with the intent to do harm to Plaintiff Rolon and to benefit himself.

118.   Defendant Sgt. Doe 11, Defendant Captain Doe 12 aided and abetted Defendant Ragoobir by knowingly authorizing the false arrest.

119.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

120.   As a result of the foregoing, Plaintiff Rolon is entitled to actual, general, special, compensatory, and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Fifth Cause of Action:
Supervisory Liability Under 42 U.S.C. § 1983

Plaintiff Rolon  hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

17

121.    Defendant Sgt. Doe 11 and,  Defendant Captain Doe 12 had direct first-line supervisory responsibilities concerning the individually named Defendant Police Officers.

122.    These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant City of New York and NYPD.

123.    Defendant Sgt. Doe 11 and Defendant Captain Doe 12 were present in the field and at the precinct on the date and time of the occurrence giving rise to this claim.

124.    At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Sgt. Doe 11, Defendant Captain Doe 12, and Defendant City of New York.

125.    Defendant Sgt. Doe 11 and  Defendant Captain Doe 12 knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline continuingly the Defendant Police Officers in their duty as police officers.

126.    Defendant Sgt. Doe 11 personally caused Plaintiff Rolon's deprivations and damages by being deliberately indifferent to safeguarding the rights of Plaintiff Rolon.

127.    Defendant Sgt, Doe 11 personally caused Plaintiff Rolon's deprivations and damages by failing to properly supervise her subordinate employees to safeguard the public from abuse.

18

128.   Defendant Sgt, Doe 11personally caused Plaintiff Rolon's deprivations and damages by failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

129.   Defendant Sgt, Doe 11 personally caused Plaintiff Rolon's deprivations and damages by condoning the policy of using excessive force and invasive body searches without probable cause, reasonable suspicion, or legal basis.

130.   As a direct and proximate result of ther conduct, Plaintiff sustained the damages herein alleged.

131.   As a result of the foregoing, Plaintiff Rolon is entitled to actual, general, special, compensatory, and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Sixth Cause of Action:
## <u>Municipal Liability</u>

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

132.   Defendant City of New York,  and the NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to roving patrols, anti-crime, stop and frisk, use of force, strip searches, body cavity searches, reporting and investigating the use of force by staff, and provision and access to medical and other programs and services mandated by local law and court orders.

19

133.    Rather than adopt and enforce policies necessary to prevent constitutional violations, Defendant City of New York, through its agents, has enforced, promoted, encouraged and sanctioned a policy, practice, and custom of using excessive force,  roving pedestrian checkpoints for general crime control and indiscriminate stops, searches, and seizures of persons absent objective and individualized criteria.

134.    Defendant City of New York has enforced, promoted, encouraged, and sanctioned a policy, practice, and custom of stopping, searching, questioning, and seizing individuals with excessive force and subjecting said individuals to invasive searches.

135.    The stops, searches, and seizures are invariably executed without the reasonable cause or probable cause as required by the Fourth Amendment to the United States Constitution or Article 1, §12 of the New York State Constitution.

136.    By sanctioning the arrest policy as practiced, Defendant City of New York has unlawfully vitiated the rights, privileges, and immunities of a class or demographic segment within New York.

137.    Defendant City of New York has been deliberately indifferent to the impact and consequences of the patrol and arrest policy.

138.    Defendant City of New York has been deliberately indifferent to enacting prophylactic measures to mitigate the impact and consequences of the arrest practices.

139.    The Defendant Police Officers, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure

20

or rule of Defendant City of New York, and NYPD, but which is forbidden by the Constitution of the United States.

140. These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices, and customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant City of New York, including but not limited to: (a) the failure to adequately and properly, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; (c) the failure to adequately and properly screen and hire NYPD officers; (d)  the failure to rectify the NYPD's epidemic of excessive force, baseless stops, seizures, questions, searches, arrests and prosecutions, and; the failure to remove the financial incentive from making arrests.

141. In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees.

142. Upon information and belief, the practices constitute unwritten NYPD policies and customs because they are widespread, long-standing, and deeply embedded in the culture of the agency.

143. Defendant City of New York through the NYPD has had, and still has hiring practices that it knows will lead to the hiring of police officers lacking the qualifications to discharge their duties per the Constitution of the United States and is deliberately indifferent to the consequences.

144. Defendant City of New York through the NYPD has had, and still has supervisory practices that it knows will lead to lax supervision of police officers

who lack the qualifications to discharge their duties per the Constitution of the United States and is deliberately indifferent to the consequences.

145.   Defendant City of New York through the NYPD, has had, and still has a disciplinary practice that it knows neither sufficiently deters nor adequately punishes police officers who lack the qualifications to discharge their duties per the Constitution of the United States and is deliberately indifferent to the consequences.

146.   Defendant City of New York through the NYPD have a de facto policy that invites, *inter alia*, random stops, invasive searches, unreasonably forceful seizures.

147.   Defendant City of New York, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourage, *inter alia*, negligent investigations, the fabrication of evidence, false arrests, unlawful detentions, illegal searches, malicious prosecution, and perjury.

148.   Defendant City of New York through the NYPD has de facto policies that encourage competition among employees which fosters, *inter alia*, improper manipulation of subordinates.

149.   Defendant City of New York through the NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to her or her career or financial penalty.

22

150.    Defendant City of New York, at all relevant times, was aware that the individual Defendant Police Officers routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

151.    The Defendant City of New York failed to properly and adequately investigate prior complaints filed against the Defendants.

152.    Defendant City of New York, through the NYPD, at all relevant times, was aware that the individual Defendant Police Officers were unfit officers who have previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

153.    The Defendant City of New York, through a policy, practice, and custom, directly and proximately caused Plaintiff' deprivations and damages.

154.    Nevertheless, the Defendant City of New York exercised deliberate indifference by failing to take remedial action.

155.     The existence of the customs and practice may be inferred from repeated occurrences of similar wrongful conduct as documented in the civil rights actions filed against Defendant City of New York including but not limited to the following cases:

    a.    Schoolcraft v. City of New York, 10CV6005(RWS)(USDC SDNY), (police officer who exposed a precinct's policies  and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a

23

psychiatric facility in retaliation for exposing said policies and practices to the press);

b. <u>Long v. City of New York,</u> 09CV60990(AKH) (USDC SDNY); <u>People v. Pogan</u>, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly swore out a false complaint and used excessive force is convicted of falsifying police records and was prosecuted for recklessly using physical force, the plaintiff was engaged in expressive conduct when he was as salted by the office); (police officer at the 24th precinct issues four (4) summonses to a woman for her lodging a complaint against him with the Civilian Complaint Review Board at the precinct)

c. <u>Colon v. City of New York,</u> (09CV0008) (USDC, EDNY); (police officers fired for falsifying evidence);

d. <u>Taylor-Mickins v. City of New York,</u> 09CV7923(RWS)(USDC SDNY);

e. <u>Davis v. City of New York,  et al.</u>, 10 CV 699 (USDC SDNY) (SAS) (Defendants NEW YORK  and NEW YORK HA settled this class-action suit that changed NYPD's vertical patrol policy and practice of routine, stops and arrests of such persons in a racially discriminatory manner and without sufficient evidence of wrongdoing.)

f. <u>Floyd, et al v. City of New York,</u> (08 CV. 1034) (USDC SDNY) (SAS)

g. <u>Bovell v. City of Mount Vernon, et al.,</u> 15 civ, 8594 (USDC SDNY)

156.   In addition, the following are City policies, practices, and customs:

a. Falsely arresting innocent individuals, based on a pretext, to meet productivity goals;

24

b. Falsely swearing out criminal court complaints and lying and committing perjury during sworn testimony to protect other officers and to meet productivity goals;

c. Fabricating evidence against individuals;

d. Using and threatening the use of excessive force on individuals;

e. Retaliating against individuals who engage in free speech;

f. Ignoring the constitutional rights of the general public;

g. Ignoring the constitutional rights of the persons in their care and custody;

h. Use force in an unreasonable, unnecessary, unjustified, and excessive manner;

i. Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

j. Inadequately and improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

k. Tolerating acts of brutality;

l. IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

m. Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution, and punishment, and are maintained with deliberate indifference

25

n.  Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has become ingrained in the Defendants so to constitute a policy of Defendant City of New York and NYPD;

o.  Rewarding rogue-like behavior with financial compensation;

p.  Failing to intervene to prevent the above practices.

157.  As a result of the foregoing, Plaintiff Rolon is entitled to actual, general, special, and compensatory damages against the Defendant City of New York, attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Seventh Cause of Action:
Pendant New York State Claim for
<u>Negligence in Training and Supervising</u>

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

158.  That the Defendant City of New York, their agents, servants, and employees, were negligent, careless, and reckless in the training, supervision, direction, control, appointment and promotion of their agents, servants, and employees.

159.  That the Defendant City of New York and the NYPD, their agents, servants, and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers.

26

160. That the Defendant City of New York and the NYPD, their agents, servants, and employees failed to give their employees proper instruction as to their department, behavior, and conduct as representatives of their employer; and, in that the Defendants, their agents, servants, and employees were otherwise reckless, careless and negligent.

161. That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendant City of New York its agents, servants, and employees without any negligence on the part of Plaintiff Rolon.

162. That the mistreatment and abuse of the Plaintiff as set forth above was the reasonably foreseeable consequence of said Defendants' negligent conduct.

163. As a result of the foregoing, Plaintiff Rolon is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Eighth Cause of Action:
Pendant New York State Claim for
<u>Negligent Hiring and Retention</u>

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

164. The Defendant City of New York was careless and reckless in hiring and retaining as and for its employees, the abovenamed individuals.

27

165.    The Defendant City of New York knew or had reason to know that the said Defendants lacked the experience, deportment, and ability to be employed by Defendant City of New York.

166.    The Defendant City of New York failed to exercise due care and caution in its hiring practices, and, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of Defendant City of New York.

167.    That Defendant City of New York failed to investigate the above-named Defendant's background and in that, they hired and retained as employees of their Police department individuals whose backgrounds contained information (based on information and belief) that revealed said Defendant lacked the maturity, sensibility, and intelligence to be employed by Defendant City of New York.

168.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant City of New York, its agents, servants, and employees without any negligence on the part of the Plaintiff.

169.    As a result of the foregoing, Plaintiff Rolon is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Ninth Cause of Action:
### Pendant New York State Claim Conspiracy

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

28

170.   As set forth above, the defendant police officers conspired with and amongst one another to deprive Plaintiff Rolon of her rights, privileges, and immunities secured to them by federal and state laws.

171.   As set forth above, the Defendant Police Officers entered into an actual or tacit agreement with a shared objective.

172.   As set forth above, the Defendant Police Officers agreed to the course of action and means to accomplish said objective.

173.   As set forth above, the Defendant Police Officer intentionally participated in the said plan.

174.   As set forth above, the Defendant Police Officers, performed one or more of the unlawful overt acts and caused Plaintiff Bussey damages that were a direct result of those acts.

175.   In furtherance of their objective, the Defendant Police Officers performed two or more overt acts against Plaintiff Bussey, which included without limitation the following:

   a)  Defendant Police Officer Doe 1-10 stopped, searched, and seized Plaintiff Rolon with excessive force;

   b)  Defendant Police Officer Jane Doe 1-10 conducted an invasive search of Plaintiff Rolon;

   c)  Defendant processed a false arrest of Plaintiff Rolon;

   d)  Defendant Sgt. Doe 11 and Defendant Captain Doe 12 authorized the filing of the charging papers and the arrest.

176. As a result of the, Plaintiff Rolon suffered a deprivation of rights, privileges, and immunities as well as severe and serious physical, psychological and emotional injuries.

177. That as a result of the foregoing, Plaintiff Bussey is entitled to actual, general, special, compensatory, and punitive damages against the defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Tenth Cause of Action:
Pendant New York State Claim
Violation of NY Constitution and Statutes

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

178. Defendants conduct baseless stops, invasive searches, and unreasonably forceful seizure in an intentionally discriminatory and race-based manner.

179. Defendants have focused enforcement of baseless stops, invasive searches, and unreasonably forceful seizure practices in African American and Latino communities.

180. Defendants have targeted low to moderate-income communities of color.

181. Defendant City of New York has acquiesced in, ratified, and failed to address widespread violations of the constitutional rights of Plaintiff and those similarly situated to be free from unreasonable searches and seizures, because of their race.

182. These constitutional abuses were and are directly and proximately caused by policies, practices, and customs devised, implemented, enforced, encouraged,

and sanctioned by Defendant City of New York, including (a) targeted implementation of sweeps, roving arrests and otherwise in communities of color; (b) the discriminatory failure to adequately and properly screen, train, support, and supervise NYPD officers in artificially designated "high-crime areas' where said arrest predominately occur; and (c) the discriminatory failure to adequately and properly monitor and discipline the NYPD officers.

183. By reason of the allegations contained herein, Plaintiff was deprived by of her rights, privileges, and immunities, as guaranteed to them by the Constitution and statutes of the State of New York and the Charter, rules, and regulations of Defendant City of New York.

184. The Defendants' conduct manifested deliberate indifference to Plaintiff's constitutional rights, for which all Defendants are liable.

185. Defendant City of New York has enforced, promoted, encouraged, and sanctioned a policy, practice, and custom of stop, search, and seizure without the reasonable articulable suspicion of criminality required by the Constitution and laws of the State of New York.

186. These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices, and customs devised, implemented, enforced, promoted, encouraged, and sanctioned by Defendant City of New York.

187. As a result of the foregoing, Plaintiff Rolon is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

### Eleventh Cause of Action:
### Pendant New York State Claim
### <u>Respondeat Superior</u>

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained above with the same force and effect as if more fully and at length set forth herein and further allege:

188. Defendant City of New York and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the Defendants.

189. Inasmuch as the defendant officers were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, Defendant City of New York and NYPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

190. As a result of the foregoing, Plaintiff Rolon is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

### Twelfth Cause of Action:
### Pendant New York State Claim
### <u>Failure to Protect and Intervene</u>

Plaintiff Rolon hereby repeats, reiterates, and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

191. All Defendants, their agents, servants, and employees owed a duty to care to protect Plaintiff Rolon while he was in their custody, control, and care.

32

192. All Defendants failed to protect Plaintiff Rolon from known and dangerous harm stemming from the use of excessive force.

193. Those individual Defendants that were present but did not actively participate in the use of excessive force observed such conduct; had a reasonable opportunity to prevent such conduct; had a duty to intervene, mitigate and stop the events alleged herein, and failed to do so.

194. Those individual Defendants that were present but did not actively participate in the use of excessive force observed failed to report the unlawful conduct to supervisors.

195. As a direct and proximate of the e Defendants' failure to protect and intervene on behalf of the Plaintiff, the Plaintiff sustained damages.

196. As a result of the foregoing, Plaintiff Rolon is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## <u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

a.    General and compensatory damages against all Defendant, jointly and severally;

b.    Punitive damages in an amount sufficient punish individual Defendants and to deter others like them from repeating the same offenses, jointly and severally;

33

c.      Reasonable attorney's fees and costs under 28 U.S.C. § 1988; and

d.      Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          The 14th day of October 2020

                              /s/ *D. Andrew Marshall*
                              _____
                              D. Andrew Marshall, Esq.
                              Attorney for the Plaintiff
                              225 Broadway, Suite 1405
                              New York, New York 10007
                              (212) 571-3030 (office)
                              (212) 571-1441 (facsimile)
                              **marshall.law4@verizon.net**

34